Michael MOLNOSKI, Plaintiff,

v.

James BATMASIAN and Marta
Batmasian, Defendants.

Case No. 16–cv–81789–BLOOM/Valle

United States District Court,
S.D. Florida.

Signed 07/13/2017

Chris Kleppin, Glasser & Kleppin, P.A.,
Plantation, FL, for Plaintiff.

George Louis Sigalos, Heather Elise
Kruzyk, Simon, Sigalos, LLP, Jennifer
Boussy Carroll, Simon Sigalos & Spyredes
PA, Roderick Flynn Coleman, Coleman &
Associates, Boca Raton, FL, for Defendants.

## ORDER

BETH BLOOM, UNITED STATES
DISTRICT JUDGE

**THIS CAUSE** is before the Court upon the parties' Joint Renewed Motion for Court Approval of Settlement Agreement and General Release, ECF No. [83] (the "Motion"), filed on July 12, 2017, which requests that the Court approve the parties' settlement. Plaintiff Michael Molnoski ("Plaintiff" or "Molnoski") and Defendants James Batmasian and Marta Batmasian (together, "Defendants") have settled this case, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.* *See* ECF No. [83–1] (the "Settlement Agreement" or "Agreement"). This Court has the responsibility of approving settlement agreements for cases arising under the FLSA if the parties choose not to present their settlement to the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352–55 (11th Cir. 1982). The Court has carefully considered the Motion, the Agreement, and the record, and is otherwise fully advised in the premises.

When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Unlike with many claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 708, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) ("[T]he

same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for."); *Lynn's Food Stores*, 679 F.2d at 1352–53; *Hogan v. Allstate Beverage Co.*, 821 F.Supp.2d 1274, 1281 (M.D. Ala. 2011). Therefore, parties may not bargain away the right to liquidated damages. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114, 66 S.Ct. 925, 90 L.Ed. 1114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Lynn's Food Stores*, 679 F.2d at 1353 n.8.

■ ▇ The parties, through counsel, stipulate that the Agreement represents a fair and reasonable resolution of Plaintiff's claims for the total payment of $45,000.00. Pursuant to the Agreement, Molnoski will receive a total of $25,000.00 representing $5,000.00 for his wage claim, and $20,000.00 as compensatory damages, while Plaintiff's counsel will receive $20,000.00 for attorney's fees and costs. Thus, the Agreement's terms do not indicate what portion, if any, Plaintiff's payment corresponds to liquidated damages. Regarding the amount corresponding to wages or overtime compensation under 29 U.S.C. section 216(b), Plaintiff is entitled to an equal amount—an *additional* amount—in liquidated damages. Because the parties fail to indicate whether Plaintiff will receive an additional, equal amount for liquidated damages, the Agreement must be rejected.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [83]**, is **DENIED.**
2. The parties must submit a settlement agreement that conforms with the FLSA and the guidance contained herein **no later than July 19, 2017.**

**DONE AND ORDERED** in Miami, Florida, this 13th day of July, 2017.